UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br>CDCR #V-15331,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT HERNANDEZ, Warden;<br>JASON SILVA, Doctor,<br><br>　　　　　　　　Defendants. | Case No. 09-CV-360-JAH (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 16]** |

　　　　Plaintiff Keith Wayne Sekerke, a former state prisoner currently held in the San Diego Central Jail and proceeding *pro se* and *in forma pauperis*, has filed a Complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1] Plaintiff has submitted a motion in which he requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915. [Doc. No. 16] For the reasons set forth below, Plaintiff's motion is **DENIED**.

　　　　Plaintiff is requesting appointment of counsel because he is a lay person. He also argues, without support, that his case has a likelihood of success on the merits.

　　　　"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.,* 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Id.* (citations omitted).

      Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity.  Indeed, Plaintiff has been successful in getting a Complaint on file, successfully filing a motion for leave to proceed *in forma pauperis*, successfully filing a motion for leave to amend the complaint, filing additional motions (denied as moot) and effecting service on defendants.  Based on the information currently before the Court, it appears that Plaintiff has the competence and ability to pursue his case.  Without more, this Court cannot conclude that there are "exceptional circumstances" which would warrant the appointment of counsel in Plaintiff's case.

      Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**.

      **IT IS SO ORDERED.**

DATED:  August 11, 2009

                                              Jan M. Adler
                                              U.S. Magistrate Judge